1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ELECTRONIC THEATRE
     CONTROLS, INC. d/b/a ETC, a
12   Wisconsin Corporation,

13              Plaintiff,

14        v.

15   ELATION LIGHTING, INC., a Nevada
     Corporation,
16

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: 2:25-cv-00852 AH (MAA*x*)

**STIPULATED PROTECTIVE ORDER**

---

**STIPULATED PROTECTIVE ORDER**

1.    **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, and commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under

2

state or federal statutes, court rules, case decisions, or common law.
Accordingly, to expedite the flow of information, to facilitate the prompt
resolution of disputes over confidentiality of discovery materials, to
adequately protect information the parties are entitled to keep confidential,
to ensure that the parties are permitted reasonable necessary uses of such
material in preparation for and in the conduct of trial, to address their
handling at the end of the litigation, and to serve the ends of justice, a
protective order for such information is justified in this matter. It is the
intent of the parties that information will not be designated as confidential
for tactical reasons and that nothing be so designated without a good faith
belief that it has been maintained in a confidential, non-public manner, and
there is good cause why it should not be part of the public record of this
case.

3.    **DEFINITIONS**

3.1    Action: This pending federal lawsuit, Civil Action No. 2:25-
cv-00852 AH (MAA).

3.2    Challenging Party: A Party or Nonparty that challenges the
designation of information or items under this Stipulated
Protective Order.

3.3    "CONFIDENTIAL" Information or Items: Information
(regardless of how it is generated, stored or maintained) or
tangible things that qualify for protection under Federal Rule
of Civil Procedure 26(c), and as specified above in the Good
Cause Statement.

3.4    Counsel: Outside Counsel of Record and In-House Counsel
(as well as their support staff).

3.5     <u>Designated House Counsel</u>: One In-House Counsel who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this Action.

3.6     <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

3.7     <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8     <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9     <u>"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items</u>:  Information that a Party maintains as confidential in the ordinary course of business that includes, without limitation, non-public business or financial or technical information, trade secrets, marketing plans, business plans, customer lists, pricing data, cost data, customer orders, strategies, and research that is more sensitive or strategic than CONFIDENTIAL information, the disclosure of which is likely to significantly harm that Party's competitive position, or the disclosure of which would

4

contravene an obligation of confidentiality to a third person or to a Court.

3.10 <u>HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.11 <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.12 <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.13 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.14 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.15 <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

5

3.16 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.17 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

3.18 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that was publicly available at the time of disclosure to a Receiving Party or becomes publicly available after its disclosure to a Receiving Party through no action or fault of the Receiving Party; (b) any information that was already in the Receiving Party's possession or known to the Receiving Party prior to being disclosed to  or obtained by the Receiving Party, provided that, the source of such information or material was not bound by a contractual, legal or fiduciary obligation of confidentiality to the Disclosing Party or any other party with respect thereto;(c) any

6

information that was or is obtained by the Receiving Party from a third party, provided that, such third party was not bound by a contractual, legal or fiduciary obligation of confidentiality to the Disclosing Party or any other party with respect to such information or material; or (d) any information that is independently developed by the Receiving Party without reference to the Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2 <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions

8

of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days from the delivery of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in its entirety except to the extent any portion of the transcript is identified as "HIGHLY CONFIDENTIAL –

10

SOURCE CODE" or otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.    Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.    CHALLENGING CONFIDENTIALITY, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, AND HIGHLY CONFIDENTIAL – SOURCE CODE DESIGNATIONS**

7.1.    Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.  Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3.  Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1  Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending,

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

12

or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    The Court and its personnel;

13

(e)     Court reporters and their staff;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     During the depositions of (and their subsequent review of the transcript) (1) a Designating Party or a Designating Party's employees, agents, or representatives, and (2) witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     Any mediator or settlement officer, and their

14

supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)    The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    Designated In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this Action, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (4) who has been approved pursuant to procedure set forth in Section 9 below, and (5) except as otherwise provided in this Order;

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and (1) who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A) and (2)
who have been approved pursuant to procedure
set forth in Section 9 below;

(d)  The Court and its personnel;

(e)  Court reporters and their staff;

(f)  Professional jury or trial consultants, mock
jurors, and Professional Vendors to whom
disclosure is reasonably necessary or this Action
and who have signed the "Acknowledgment and
Agreement to be Bound" (Exhibit A);

(g)  The author or recipient of a document containing
the information or a custodian or other person
who otherwise possessed or knew the
information;

(h)  During the depositions of (and their subsequent
review of the transcript) a Designating Party or a
Designating Party's employees, agents, or
representatives.  Pages of transcribed deposition
testimony or exhibits to depositions that reveal
Protected Material may be separately bound by
the court reporter and may not be disclosed to
anyone except as permitted under this Stipulated
Protective Order; and

(i)  Any mediator or settlement officer, and their
supporting personnel, mutually agreed upon by
any of the parties engaged in settlement
discussions.

16

9. **PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" AND "HIGHLY CONFIDENTIAL – SOURCE CODE" INFORMATION OR ITEMS TO DESIGNATED IN-HOUSE COUNSEL AND EXPERTS**

(a)    A Party seeking to disclose to Designated House Counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY must first make a written request to the Designating Party providing the full name of the inhouse counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision making.

(b) A Receiving Party seeking to disclose to an Expert retained by the Party any Disclosure or Discovery Material that has been designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE may only do so after the Expert signs the "Acknowledgement and Agreement (Exhibit A) and the Receiving Party makes a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past four years,

and (5) identifies (by name and number of the case, filing date, and location of court) any litigation where the Expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past four years. If the Expert believes any of this information at (3) - (5) is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose the information to the Expert shall be available to meet and confer with the Designating Party regarding any such confidentiality obligations.

(c)    A Party that makes a request and provides the information specified in Sections 9(a) or 9(b) may disclose the Protected Material to the disclosed In-House Counsel or Expert unless, within five days of delivering the request, the Party receives a written objection from the Designating Party providing detailed grounds for the objection.

(d)    The Party challenging an objection shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").

## 10.    PROSECUTION BAR

(a)    Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL–ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that is subject to section 10(b) shall not be

18

involved in the prosecution of patents or patent applications relating to the subject matter of the patents asserted in this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly drafting, amending, advising, or otherwise influencing the scope or maintenance of patent claims, or overseeing or contributing to such activities. To avoid any doubt, "prosecution" as used in this paragraph does not include (i) representing a party challenging a patent before a domestic or foreign agency (including but not limited to, a reissue protest, *ex parte* reexamination, or *inter partes* proceeding). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL–ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end one (1) year after final termination of this action.

(b)    Materials subject to this section 10 are limited to highly confidential technical documents concerning a Party's product designs or concepts (hereafter, "Prosecution Bar Material"). Prosecution Bar Material must be designated as such by clearly and prominently marking it on its face as "PROSECUTION BAR MATERIAL." A person's failure to designate Prosecution Bar Material does not constitute forfeiture as to any other document, but paragraph 10 shall

19

not apply to individuals who receive Prosecution Bar Material that was not properly designated at the time of receipt. All disputes regarding the designation of Prosecution Bar Material shall be resolved in accordance with paragraph 7.

**11.    SOURCE CODE**

(a)    To the extent source code is produced in this Action, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Section 10, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 8.3 and 9, with the exception of Designated House Counsel. No Protected Material Designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be shared with or otherwise disclosed to Designated House Counsel or any other In-House Counsel.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and electronically searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be

made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, located in a room of sufficient size to accommodate the Receiving Party's review. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device during the inspection, but the Receiving Party may take notes by hand or by computer and may annotate any paper copies of the source code during the inspection. The Producing Party may visually monitor (visually monitoring does not include staying in the review room during the review) the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 7 whereby the Producing Party is the "Challenging Party" and the Receiving

Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall not make additional copies unless such additional electronic (PDF) or paper copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**12.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court

22

order;

(b)     Promptly notify in writing the party who caused the subpoena
or order to issue in the other litigation that some or all of the
material covered by the subpoena or order is subject to this
Stipulated Protective Order. Such notification shall include a
copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to
be pursued by the Designating Party whose Protected Material
may be affected.

If the Designating Party timely seeks a protective order, the Party
served with the subpoena or court order shall not produce any information
designated in this action as "CONFIDENTIAL", "HIGHLY
CONFIDENTIAL – ATTORNEY'S EYES ONLY", or "HIGHLY
CONFIDENTIAL – SOURCE CODE" before a determination by the
Court from which the subpoena or order issued, unless the Party has
obtained the Designating Party's permission.  The Designating Party shall
bear the burden and expense of seeking protection in that court of its
confidential material and nothing in these provisions should be construed
as authorizing or encouraging a Receiving Party in this Action to disobey a
lawful directive from another court.

**13.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

10.1    Application.

The terms of this Stipulated Protective Order are
applicable to information produced by a Nonparty in this
Action and designated as "CONFIDENTIAL", "HIGHLY
CONFIDENTIAL – ATTORNEY'S EYES ONLY"  Such
information produced by Nonparties in connection with this

litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2  Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

10.3  Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information

24

in its possession or control that is subject to the confidentiality
agreement with the Nonparty before a determination by the
Court.  Absent a court order to the contrary, the Nonparty
shall bear the burden and expense of seeking protection in this
Court of its Protected Material.

## 14.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has
disclosed Protected Material to any person or in any circumstance not
authorized under this Stipulated Protective Order, the Receiving Party
immediately must (1) notify in writing the Designating Party of the
unauthorized disclosures, (2) use its best efforts to retrieve all
unauthorized copies of the Protected Material, (3) inform the person or
persons to whom unauthorized disclosures were made of all the terms of
this Stipulated Protective Order, and (4) request such person or persons to
execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 15.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that
certain inadvertently produced material is subject to a claim of privilege or
other protection, the obligations of the Receiving Parties are those set forth
in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not
intended to modify whatever procedure may be established in an e-
discovery order that provides for production without prior privilege
review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
parties reach an agreement on the effect of disclosure of a communication
or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**16.    MISCELLANEOUS**

13.1    Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**17.    FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

**18.   <u>VIOLATION</u>**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

1    Dated: October 20, 2025                  SHANE A. BRUNNER
                                              MICHAEL BEST & FRIEDRICH LLP
2
                                              KARIN G. PAGNANELLI
3                                             MITCHELL SILBERBERG & KNUPP LLP

4

5
                                              By:  /s/
6                                                   Karin G. Pagnanelli (SBN 174763)
                                                   Attorneys for Plaintiff
7                                                  Electronic Theatre Controls, Inc. d/b/a
                                                   ETC
8

9                                             DAVID A. RANDALL
                                              EHAB M. SAMUEL
10                                            PAUL G. NOVAK
                                              ORBIT IP, LLP
11
                                              By:  /s/
12                                                  David A. Randall (SBN 156722)
                                                   Ehab M. Samuel (SBN 228296)
13                                                 Paul G. Novak (SBN 261388)
                                                   Attorneys for Defendant
14                                                 Elation Lighting, Inc.

15

16
        * Pursuant to Local Rule 5-4.3.4, the filer hereby attests that all
17
signatories listed, and on whose behalf the filing is submitted, concur in the
18
filing's content and have authorized the filing.
19

20    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21

22

23    Dated: October 20, 2025          _____
24                                          Maria A. Audero
                                            United States Magistrate Judge
25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of

_____ [address],

declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United

States District Court for the Central District of California on _____

[date] in the case of _____

[case name and number].  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.  I hereby

appoint _____ [full name]

of _____ [address and telephone

number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____